FILED
OCT 07 2015
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| VALERIE THOMAS, ) | CASE NO. 15-5072 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | |
| WORK FIRST CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

COMES NOW, Plaintiff by and through her attorneys, and hereby states as follows:

## PARTIES

1. Plaintiff is a resident of Rapid City, South Dakota.

2. Defendant is incorporated or has its principal place of business in a state other than South Dakota.

## JURISDICTION

3. The amount in controversy exceeds $75,000.

4. Jurisdiction herein is based on 28 U.S.C. § 1332, Diversity of Citizenship.

## FACTUAL SUMMARY

5. Plaintiff has worked for Rapid City Regional Hospital since November, 1996.

6. Defendant provided workers' compensation insurance coverage for Plaintiff's employer.

7. On January 6, 2009, Plaintiff injured her thoracic spine when she was moving very heavy patients.

8. Plaintiff sought medical care and incurred medical expenses as a result of the work related injury.

9. Plaintiff continued to have mid-back pain and a thoracic MRI eventually showed a disk protrusion at T8-9 and T9-10.

10. On September 22, 2010, Defendant arranged to have Plaintiff see Dr. Wayne Anderson, an occupational medicine specialist. Dr. Anderson opined that Plaintiff's work injury was a major contributing cause of her thoracic injury and medical treatment and assigned a permanent impairment for the thoracic injury.

11. On May 10, 2013, Defendant arranged to have Plaintiff see Dr. Randal Wojciehoski, a podiatrist. Dr. Wojciehoski is known as regularly and routinely providing opinions to insurance companies that reduce the insurer's claim payments.

12. Dr. Wojciehoski predictably provided a report saying that Plaintiff's injury was no longer work-related as it was "secondary to her degenerative changes." Dr. Wojciehoski opined that Plaintiff's medical treatment after April 18, 2012, "was temporizing in nature and in my opinion, has been unnecessary in order to enhance her condition."

13. On October 19, 2013, following Dr. Wojciehoski's report, Defendant discontinued payment for any appointments or medication that resulted from Plaintiff's injury.

14. In its letter denying further benefits for medical expense, Defendant misrepresented the benefits available under the policy and South Dakota workers' compensation standards by stating that because Dr. Wojciehoski indicated Claimant had reached maximum medical improvement as of April 18, 2012, Claimant was not entitled to additional benefits. This violates SDCL § 58-33-46.1 and entitles Plaintiff to damages and attorney fees incurred as a result of the misrepresentations of benefits.

15. On December 27, 2013, Plaintiff, through her attorney, filed a Petition for Hearing

with the Department of Labor, to restore her right to payment of medical bills and prescriptions by the workers' compensation insurer.

16. Defendant denied responsibility for medical or other workers' compensation benefits in an Answer.

17. On September 12, 2014, Defendant retracted their denial letter and admitted that Plaintiff's work injury was and remained a major contributing cause of her current condition and need for medical treatment. The Department of Labor ordered Defendant to pay all medical bills, plus interest, and remain responsible for all future workers' compensation benefits, including future medical expenses.

18. Defendant has repeatedly denied benefits without any reasonable basis and with knowledge of lack of reasonable basis.

19. Defendant failed to conduct a reasonable investigation.

20. Upon information and belief, Defendant's conduct is part of a pattern of conduct designed to reduce compensation to injured workers.

21. Defendant has acted with fraud, malice, and oppression, making punitive damages appropriate.

22. As a proximate result of Defendant's misconduct, Plaintiff has been harmed as follows: delay in payment of her medical expenses; delay and obstruction in her medical care; loss of use of her benefits; emotional upset, aggravation, annoyance, and embarrassment; and attorney fees and expenses that should have been unnecessary.

23. Defendant has shown a reckless disregard of Plaintiff's interests, failed to comply with the duty to perform a reasonable investigation and repeatedly withheld benefits and medical

expenses without a reasonable basis, making punitive damages appropriate.

WHEREFORE, Plaintiff seeks the following relief:

1. Compensatory damages in an amount to be determined at trial.

2. Punitive damages in an amount to be determined at trial.

3. Pre-judgment interest as allowed by law.

4. Attorney's fees and costs incurred in the efforts to force Defendant to comply with its obligations as provided by SDCL § 58-12-3 and SDCL § 58-33-46.1.

5. Other relief as deemed appropriate and necessary by either the Court or the jury.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated this 62 day of October, 2015.

JULIUS & SIMPSON, L.L.P.

By: _____
Michael J. Simpson
Attorneys for Plaintiff
PO Box 8025
Rapid City, SD 57709
(605) 716-1000
Mike@juliussimpson.com

-AND-

ABOUREZK LAW OFFICE
Michael Abourezk
Attorneys for Plaintiff
2020 W. Omaha St.
PO Box 9460
Rapid City, SD 57709
(605) 342-0097
Mike@Abourezk.com