UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| VALERIE THOMAS, | ) | CASE NO. 15-5072 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FIRST AMENDED COMPLAINT |
| | ) | |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, Plaintiff by and through her attorneys, and hereby states as follows:

### PARTIES

1. Plaintiff is a resident of Rapid City, South Dakota.

2. Defendants are incorporated or have their principal place of business in a state other than South Dakota.

### JURISDICTION

3. The amount in controversy exceeds $75,000.

4. Jurisdiction herein is based on 28 U.S.C. § 1332, Diversity of Citizenship.

### FACTUAL SUMMARY

5. Plaintiff has worked for Rapid City Regional Hospital since November, 1996.

6. Defendant Hartford Insurance Company of the Midwest (hereafter Defendant Hartford) provided workers' compensation insurance coverage for Plaintiff's employer.

7. Defendant Hartford hired Defendant Speciality Risk Services and then Sedgwick Claims Management Services, Inc. (hereafter Sedgwick CMS) to administer its workers'

compensation liability to Thomas and other claimants.

8.     Defendant Hartford had a non-delegable duty of good faith to Thomas, regardless of whether it hired Sedgwick CMS, or anyone else, to administer its workers' compensation liability to Thomas and other claimants.

9.     Defendant Hartford is legally responsible for Defendant Sedgwick CMS's conduct toward Thomas.

10.    On January 6, 2009, Plaintiff injured her thoracic spine when she was moving very heavy patients.

11.    Plaintiff sought medical care and incurred medical expenses as a result of the work related injury.

12.    Plaintiff continued to have mid-back pain and a thoracic MRI eventually showed a disk protrusion at T8-9 and T9-10.

13.    On September 22, 2010, Defendant Hartford, through its agent Specialty Risk Services, arranged to have Plaintiff see Dr. Wayne Anderson, an occupational medicine specialist.  Dr. Anderson opined that Plaintiff's work injury was a major contributing cause of her thoracic injury and medical treatment and assigned a permanent impairment for the thoracic injury.

14.    On May 10, 2013, Defendant Hartford, through its agent Defendant Sedgwick CMS, arranged to have Plaintiff see Dr. Randal Wojciehoski, a podiatrist.  Dr. Wojciehoski is known as regularly and routinely providing opinions to insurance companies that reduce the insurer's claim payments.

15.    Dr. Wojciehoski predictably provided a report saying that Plaintiff's injury was no

longer work-related as it was "secondary to her degenerative changes."  Dr. Wojciehoski opined that Plaintiff's medical treatment after April 18, 2012, "was temporizing in nature and in my opinion, has been unnecessary in order to enhance her condition."

16. On October 19, 2013, following Dr. Wojciehoski's report, Defendant Hartford through its agent Defendant Sedgwick CMS, discontinued payment for any appointments or medication that resulted from Plaintiff's injury.

17. In its letter denying further benefits for medical expense, Defendant Hartford through its agent Defendant Sedgwick CMS misrepresented the benefits available under the policy and South Dakota workers' compensation standards by stating that because Dr. Wojciehoski indicated Claimant had reached maximum medical improvement as of April 18, 2012, Claimant was not entitled to additional benefits.  This violates SDCL § 58-33-46.1 and entitles Plaintiff to damages and attorney fees incurred as a result of the misrepresentations of benefits.

18. On December 27, 2013, Plaintiff, through her attorney, filed a Petition for Hearing with the Department of Labor, to restore her right to payment of medical bills and prescriptions by the workers' compensation insurer.

19. Defendants denied responsibility for medical or other workers' compensation benefits in an Answer.

20. On September 12, 2014, Defendants retracted their denial letter and admitted that Plaintiff's work injury was and remained a major contributing cause of her current condition and need for medical treatment. The Department of Labor ordered Defendants to pay all medical bills, plus interest, and remain responsible for all future workers' compensation benefits,

including future medical expenses.

21. Defendants have repeatedly denied benefits without any reasonable basis and with knowledge of lack of reasonable basis.

22. Defendants failed to conduct a reasonable investigation.

23. Upon information and belief, Defendants' conduct is part of a pattern of conduct designed to reduce compensation to injured workers.

24. Defendants have acted with fraud, malice, and oppression, making punitive damages appropriate.

25. As a proximate result of Defendants' misconduct, Plaintiff has been harmed as follows: delay in payment of her medical expenses; delay and obstruction in her medical care; loss of use of her benefits; emotional upset, aggravation, annoyance, and embarrassment; and attorney fees and expenses that should have been unnecessary.

26. Defendants have shown a reckless disregard of Plaintiff's interests, failed to comply with the duty to perform a reasonable investigation and repeatedly withheld benefits and medical expenses without a reasonable basis, making punitive damages appropriate.

WHEREFORE, Plaintiff seeks the following relief:

1. Compensatory damages in an amount to be determined at trial.

2. Punitive damages in an amount to be determined at trial.

3. Pre-judgment interest as allowed by law.

4. Attorney's fees and costs incurred in the efforts to force Defendants to comply with their obligations as provided by SDCL § 58-12-3 and SDCL § 58-33-46.1.

5. Other relief as deemed appropriate and necessary by either the Court or the jury.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated this 2nd day of November, 2015.

JULIUS & SIMPSON, L.L.P.


By: */S/ Michael J. Simpson*
Michael J. Simpson
Attorneys for Plaintiff
PO Box 8025
Rapid City, SD 57709
(605) 716-1000
Mike@juliussimpson.com

-AND-

ABOUREZK LAW OFFICE
Michael Abourezk
Attorneys for Plaintiff
2020 W. Omaha St.
PO Box 9460
Rapid City, SD 57709
(605) 342-0097
Mike@Abourezk.com